2007 VT 104

**In re Petition of DOOLITTLE MOUNTAIN LOTS, INC. for a Declaratory Ruling, Pursuant to 3 V.S.A. § 808 and Public Service Board Rule 2.403, Regarding the Status of West Road (formerly known as Stebbins Road) in Vernon, Vermont, as Said Status Pertains to the Provision of Electric Service to Petitioner**

[938 A.2d 1230]

No. 06-447

¶ 1. September 21, 2007. The sole issue on appeal is whether the Public Service Board correctly decided that it did not have jurisdiction to determine whether a town properly discontinued a highway. Petitioner contends that the Board erred in concluding that this determination was not within the scope of its powers. We affirm.

¶ 2. Petitioner, a Vermont corporation, sought to establish utility access to lands it owned in Vernon, Vermont. Petitioner contended that West Road, a nearby route, was a public highway that could be used for utility access. After petitioner inquired with the selectmen of the Town of Vernon as to the status of the road, the Town informed petitioner that the Town had, in 1904, discontinued the road's use as a highway. Petitioner then appeared before the Board, arguing that the decision of the Town to discontinue the road was void, because the Town had failed to abide by required statutory procedures. In July 2006, adjoining landowners moved to intervene and to dismiss petitioner's suit on the ground that the Board lacked jurisdiction over the subject matter of the case. In September 2006, the Board entered an order granting the neighbors' motion to dismiss. It held that its jurisdiction is limited to the express powers conferred upon it by the Legislature, as well as incidental powers necessary to the exercise of expressed powers. See *Green Mountain Power Corp. v. Sprint Communications*, 172 Vt. 416, 419, 779 A.2d 687, 690 (2001) (citation omitted). It found no statute that gave it the power to determine whether a road has been validly discontinued by a town. It found that it could regulate a utility's business with respect to its "use or occupation of a public highway" without itself determining whether a public highway was present, and therefore, the power to determine the validity of a road discontinuance was not a necessary incidental power.

¶ 3. Petitioner argues that the Board has clear authority to determine both the existence and proper present use of a public highway, because the Board is granted statutory authority to oversee the sale of electricity "so far as relates to their use or occupancy." 30 V.S.A. §§ 203(2), 209(a)(3). Orders of the Board are presumed valid. *In re Vt. Power Exch.*, 159 Vt. 168, 179, 617 A.2d 418, 423 (1992). We give great deference to the informed judgments of the Board. *Id.*

¶ 4. Although the reason for petitioner's interest is the prospect of utility line access over a public highway, this dispute is really between petitioner, the Town of Vernon and the other abutting landowners. None of these entities or persons are regulated by the Board. Moreover, although petitioner claims that the narrow question of utility access does not generally affect the validity of the road, it does have a significant impact on the property

interest under the proposed utility lines. Thus, if the effect of the road discontinuance has been to restore the property under the road to the ownership of the adjoining lands, petitioner seeks to have a utility line run over those lands without proper condemnation and compensation. Alternatively, if the road has been downgraded to a trail, title could remain in the Town. See 19 V.S.A. § 775.

¶ 5. The jurisdiction of the Board is broad, see *In re Green Mountain Power Corp.*, 142 Vt. 373, 380, 455 A.2d 823, 825 (1983), but the statutes limit its jurisdiction to actions with respect to regulated companies. See 30 V.S.A. §§ 203, 209, 219. Here, the Board was asked to resolve a collateral dispute between a customer and its neighbors, because the resolution might allow petitioner to seek a specific kind of service from a regulated company. We conclude that the nexus to a regulated utility is too attenuated to enable the Board to have jurisdiction.

¶ 6. We also agree with the Board that there is no need for it to exercise jurisdiction. Petitioner can obtain a remedy by declaratory action in the superior court. See *In re Bill*, 168 Vt. 439, 724 A.2d 444 (1998). That forum can resolve all the rights and interests of the interested parties, including the Town. Additionally, we note that the Board has no special expertise regarding the issue that petitioner seeks to have it resolve. Cf. *C.V. Landfill, Inc. v. Envtl. Bd.*, 158 Vt. 386, 389, 610 A.2d 145, 146 (1992) (in determining primary jurisdiction, expertise of the adjudicatory body is an important consideration).

¶ 7. Accordingly, we affirm the Board's determination that it lacked jurisdiction.

*Affirmed.*